FILED
2023 Jul-14  AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
6/9/2023 12:26 PM
01-CV-2023-901993.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01 |
|---|---|---|

Date of Filing:                Judge Code:
06/09/2023

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL v. 3M COMPANY ET AL

**First Plaintiff:**  ☐ Business  ☑ Individual       **First Defendant:**  ☑ Business  ☐ Individual
                      ☐ Government  ☐ Other                                ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA  - Wrongful Death
- ☐ TONG  - Negligence: General
- ☐ TOMV  - Negligence: Motor Vehicle
- ☐ TOWA  - Wantonness
- ☑ TOPL   - Product Liability/AEMLD
- ☐ TOMM  - Malpractice-Medical
- ☐ TOLM  - Malpractice-Legal
- ☐ TOOM  - Malpractice-Other
- ☐ TBFM  - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ EPFA  - Elder Protection From Abuse
- ☐ QTLB  - Quiet Title Land Bank
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM                    O ☐ OTHER
                                               DISTRICT COURT

              R ☐ REMANDED              T ☐ TRANSFERRED FROM
                                               OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
CAD010                    6/9/2023 12:26:48 PM                    /s/ GREGORY A. CADE
_____          _____                    _____
                              Date                               Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**     ☐ YES ☐ NO

ELECTRONICALLY FILED
6/9/2023 12:26 PM
01-CV-2023-901993.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT**
**FOR THE TENTH JUDICIAL CIRCUIT**
**JEFFERSON COUNTY, ALABAMA**

**JOSEPH M SHERBERT;**
**JERRY WAYNE MORRIS;**
**ALBERT MOUNT;**
**DAVID WAYNE MUCKERHEIDE;**          **Civil Action No:_____**
**JAMES MULFORD;**
**JAMES F MULLINAX;**
**LESLIE MYERS;**
**STEED MYLES;**                                              **COMPLAINT AND**
**BEN NEIDEN;**                                               **JURY DEMAND**
**KINGSLEY WASHINGTON NELSON;**
**LARRY W. NEW;**
**THOMAS L NICHOLS;**
**VICTOR NICKOLI;**
**LARRY BRUCE NIELSEN;**
**LEO NIXON;**
**GREGORY NORRIS;**
**WILLEM NOTEBOOM;**
**DAVID JAY NUNN;**
**CRAIG NYSTROM;**
**JAMES O'BRIEN;**
**ERIC ODAY;**
**JAMES O'DONNELL;**
**FRANK O'GRADY;**
**THOMAS O'MEARA;**
**THOMAS ONDA;**
**KENNETH ORR;**
**VICTOR ORVIS;**
**PATRICK OSMONSON;**
**WALTER R OVERSTREET JR;**
**TRACEY OWENS;**
**SETH PACKER;**
**MARCELINO PAJARILLO;**
**COREY ROBERT PALMER;**
**WILLIAM PARTAIN;**
**PAULINO PASTOR;**
**DALE H. PATTERSON;**
**GREGORY PAXTON;**
**RICHARD J. PECK;**
**ANDREW PELTON;**
**THOMAS MICHAEL PENDERS JR.;**
**DOUGLAS W. PERRY;**
**TERRY PETERS;**

**MICHAEL PETERS;**
**JOHN PETERSEN;**
**DANIEL ARTHUR PETERSON;**
**BRADLEY PETERSON;**
**ROBERT E. PHILLIPS;**
**S HEATHER PHILLIPS-GREEN;**
**DANIEL PICHARDO;**
**CRAIG PLAISANCE;**
**OCTAVIO PLASCENCIA;**
**ADAM PLISSEY;**
**CASEY  PORTER;**
**STEVE VICTOR PORTILLO;**
**JUSTIN POWELSON;**
**MICHAEL POYNTER;**
**JERRY PRICE;**
**RUDOLPH PRICE;**
**MICHAEL PROCTOR;**
**RICKY RADCLIFF;**
**ELLERY RAGAS;**
**STUART E. RAGNONE;**
**GARY RAWLINGS;**
**JOSE RAYGOZA;**
**RICHARD M. REASS;**
**YAVONNE RECZEK;**
**WILLIAM BENJAMIN REDINGTON;**
**CURTIS D. REECE;**
**DAVID REESE;**
**LAWRENCE REIDY;**
**RICHARD LEE RICE;**
**ARTHUR BENNETT RICKS;**
**CHRISTOPHER NATHANIEL RILEY;**
**MICHAEL S. RINEHART;**
**WILLIAM JOSEPH RIOS;**
**RUBEN R. RIOS;**
**KYLE RISINGER;**
**ARCHIE RIVERS;**
**LESLIE ROBERTSON;**
**ROBERT W. ROBERTSON;**
**WILLIAM ROBINSON;**
**JAMES ROBSON;**
**FIDEL ROCHA;**
**CHARLES R. ROCHELL;**
**OSWALDO RODRIGUEZ;**
**JOSE RODRIGUEZ;**
**LARRY ROMERO;**
**THOMAS ROMERO;**

2

**RONALD ROSCOE;**
**JAMES ROZIER;**
**PATSY RUBBO;**
**EDGAR F. RUSSELL;**
**JEFFERY L. RUSSELL;**
**LARRY RYDER;**
**KENNETH RZONCA;**
**RONALD SAFERITE;**
**JOSE R. SALAZAR;**
**THADDEUS SANDERS;**
**LILIANA SANTIAGO;**
**LARRY SAUNDERS;**
**RICHARD JAMES SAVIDGE;**
**ROBERT SAWDY;**
**MICHAEL SAWYER;**
**STEPHEN SCARBOROUGH;**
**JOHN SCHALK;**
**SCOTT SCHROEDER;**
**BRENT SCHWARTZ;**
**WILLIAM SCOTT;**
**ROBERT LEON SEAGO;**
**STEVEN SERRAO;**
**JAMES T. SEWARD;**
**GREGORY D. SHAFFER;**
**OCONNOR SHANNON;**
**MICHAEL SHANNON;**
**JASON SHERMER;**
**HERMAN SHIELDS;**
**BRANDON SHIPMAN;**
**RONALD SHOCKLEY;**
**JOEL SIGALA;**
**JOHN KEITH SIMMONS;**
**JEFFREY SIMMONS;**
**JEFFREY P. SIMMS;**
**LARRY I. SINAGUB;**
**ANTHONY SKORJANC;**
**MARVIN SMALLS;**
**EARL H. SMITH;**
**FELIX EUGENE SMITH;**
**MICHAEL SMITH;**
**FREDERICK SMITH;**
**DAMIAN SMITH;**
**LAREY SMITH;**
**MATTHEW ALLAN SMITH,**

**Plaintiffs,**

3

**v.**

**3M COMPANY (f/k/a Minnesota Mining and Manufacturing Company); AGC CHEMICALS AMERICAS INC.; AMEREX CORPORATION; ARCHROMA U.S. INC.; ARKEMA, INC.; BASF CORPORATION; BUCKEYE FIRE EQUIPMENT COMPANY; CARRIER GLOBAL CORPORATION; CHEMDESIGN PRODUCTS, INC.; CHEMGUARD, INC.; CHEMICALS, INC.; CHEMOURS COMPANY FC, LLC; CLARIANT CORP.; CORTEVA, INC.; DEEPWATER CHEMICALS, INC.; DU PONT DE NEMOURS INC. (f/k/a DOWDUPONT INC.); DYNAX CORPORATION; E.I. DU PONT DE NEMOURS AND COMPANY; KIDDE PLC; NATION FORD CHEMICAL COMPANY; NATIONAL FOAM, INC.; THE CHEMOURS COMPANY; TYCO FIRE PRODUCTS LP, as successor-in-interest to The Ansul Company; UNITED TECHNOLOGIES CORPORATION; UTC FIRE & SECURITY AMERICAS CORPORATION, INC. (f/k/a GE Interlogix, Inc.); ALLSTAR FIRE EQUIPMENT; FIRE-DEX, LLC; GLOBE MANUFACTURING COMPANY LLC; HONEYWELL SAFETY PRODUCT USA, INC.; LION GROUP, INC.;**

4

**MALLORY SAFETY AND SUPPLY LLC;**
**MINE SAFETY APPLIANCES CO., LLC;**
**MUNICIPAL EMERGENCY SERVICES, INC.;**
**PBI PERFORMANCE PRODUCTS, INC.;**
**SOUTHERN MILLS, INC.;**
**STEDFAST USA, INC.;**
**W.L. GORE & ASSOCIATES INC.,**

                **Defendants.**

## COMPLAINT

COMES NOW, the Plaintiffs, by and through undersigned counsel, and allege upon information and belief as follows:

## INTRODUCTION

1.     Plaintiffs bring this action for damages for personal injury resulting from exposure to aqueous film-forming foams ("AFFF") and firefighter turnout gear ("TOG") containing the toxic chemicals collectively known as per and polyfluoroalkyl substances ("PFAS"). PFAS includes, but is not limited to, perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS") and related chemicals including those that degrade to PFOA and/or PFOS.

2.     AFFF is a specialized substance designed to extinguish petroleum-based fires. It has been used for decades by military and civilian firefighters to extinguish fires in training and in response to Class B fires.

3.     TOG is personal protective equipment designed for heat and moisture resistance in order to protect firefighters in hazardous situations. Most turnout gear is made up of a thermal liner, moisture barrier, and an outer layer. The inner layers contain PFAS, and the outer layer is often treated with additional PFAS.

5

4.      Defendants collectively designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold, and/or otherwise released into the stream of commerce AFFF or TOG with knowledge that it contained highly toxic and bio persistent PFAS, which would expose end users of the product to the risks associated with PFAS. Further, defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF or TOG which contained PFAS for use in firefighting.

5.      PFAS binds to proteins in the blood of humans exposed to the material and remains and persists over long periods of time. Due to their unique chemical structure, PFAS accumulates in the blood and body of exposed individuals.

6.      PFAS are highly toxic and carcinogenic chemicals. Defendants knew, or should have known, that PFAS remain in the human body while presenting significant health risks to humans.

7.      Defendants' PFAS-containing AFFF or TOG products were used by the Plaintiffs in their intended manner, without significant change in the products' condition. Plaintiffs were unaware of the dangerous properties of the Defendants' AFFF or TOG products and relied on the Defendants' instructions as to the proper handling of the products. Plaintiffs' consumption, inhalation and/or dermal absorption of PFAS from Defendant's AFFF or TOG products caused Plaintiffs to develop the serious medical conditions and complications alleged herein.

8.      Through this action, Plaintiffs seek to recover compensatory and punitive damages arising out of the permanent and significant damages sustained as a direct result of exposure to Defendants' AFFF or TOG products at various locations during the course of Plaintiffs' training

and firefighting activities. Plaintiffs further seek injunctive, equitable, and declaratory relief arising from the same.

## JURISIDICTION AND VENUE

9.      The Defendants are subject to the jurisdiction of this Court on the grounds that (a) one or more of the Defendants is a foreign corporation whose principal place of business is located in the State of Alabama; (b) one or more of the Defendants are foreign corporations that either are registered to conduct business in the State of  Alabama and have actually transacted business in Alabama; and/or (c) one or more of the Defendants is a domestic corporation native to the State of Alabama.

10.     Venue is proper pursuant to *Alabama Code Section 6-3-7* as significant events resulting in the cause of action and subsequent injuries occurred in this county.

11.     Joinder of all parties is proper pursuant to Rule 20(a) of the *Alabama Rules of Civil Procedure*. Defendants are permissively joined in this action because the exposure, injuries, and relief requested all arise out of similar occurrences or transactions and questions of law and fact are common to all parties.

## PARTIES

12.     Plaintiff Joseph M Sherbert  is a resident and citizen of Hayden, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

13.     Plaintiff Joseph M Sherbert  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

7

14.     Plaintiff Jerry Wayne Morris  is a resident and citizen of Concan, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter. a

15.     Plaintiff Jerry Wayne Morris  was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

16.     Plaintiff Albert  Mount  is a resident and citizen of Newcastle, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

17.     Plaintiff Albert  Mount  was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

18.     Plaintiff David Wayne Muckerheide  is a resident and citizen of Columbia, Missouri. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

19.     Plaintiff David Wayne Muckerheide  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

20.     Plaintiff James  Mulford  is a resident and citizen of Palm Beach Gardens, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

21.     Plaintiff James  Mulford  was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

22.     Plaintiff James F Mullinax  is a resident and citizen of Baytown, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

23.     Plaintiff James F Mullinax  was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

24.     Plaintiff Leslie  Myers  is a resident and citizen of Fayetteville, Arkansas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

25.     Plaintiff Leslie  Myers  was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

26.     Plaintiff Steed  Myles  is a resident and citizen of Germantown, Wisconsin. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

27.     Plaintiff Steed  Myles  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

28.     Plaintiff Ben  Neiden  is a resident and citizen of Salt Lake City, Utah. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

29.     Plaintiff Ben  Neiden  was diagnosed with leukemia as a result of exposure to Defendants' AFFF or TOG products.

30.     Plaintiff Kingsley Washington Nelson  is a resident and citizen of Middleburg, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

31.     Plaintiff Kingsley Washington Nelson  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

32.     Plaintiff Larry W. New  is a resident and citizen of Bedford, Indiana. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

33.     Plaintiff Larry W. New  was diagnosed with lymphoma as a result of exposure to Defendants' AFFF or TOG products.

34.     Plaintiff Thomas L Nichols  is a resident and citizen of Morehead City, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

35.     Plaintiff Thomas L Nichols  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

36.     Plaintiff Victor  Nickoli  is a resident and citizen of Vinita, Oklahoma. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

37.     Plaintiff Victor  Nickoli  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

38.     Plaintiff Larry Bruce Nielsen  is a resident and citizen of Rio Rico, Arizona. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

39.     Plaintiff Larry Bruce Nielsen  was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

40.     Plaintiff Leo  Nixon  is a resident and citizen of Erie, Pennsylvania. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

41.    Plaintiff Leo  Nixon   was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

42.    Plaintiff Gregory  Norris  is a resident and citizen of Chicago, Illinois. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

43.    Plaintiff Gregory  Norris   was diagnosed with leukemia as a result of exposure to Defendants' AFFF or TOG products.

44.    Plaintiff Willem  Noteboom   is a resident and citizen of Midlothian, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

45.    Plaintiff Willem  Noteboom  was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

46.    Plaintiff David Jay  Nunn   is a resident and citizen of Manchester, Tennessee. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

47.    Plaintiff David Jay  Nunn   was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

48.    Plaintiff Craig  Nystrom  is a resident and citizen of Mora, Minnesota. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

49.    Plaintiff Craig  Nystrom   was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

50.     Plaintiff James  O'Brien  is a resident and citizen of Surprise, Arizona. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

51.     Plaintiff James  O'Brien  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

52.     Plaintiff Eric  Oday  is a resident and citizen of Webster, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

53.     Plaintiff Eric   Oday   was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

54.     Plaintiff James  O'Donnell  is a resident and citizen of Saint Jacob, Illinois. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

55.     Plaintiff James  O'Donnell  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

56.     Plaintiff Frank  O'Grady  is a resident and citizen of Brooklyn, New York. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

57.     Plaintiff Frank  O'Grady  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

58.     Plaintiff Thomas  O'Meara  is a resident and citizen of Englewood, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

59.     Plaintiff Thomas  O'Meara  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

60.     Plaintiff Thomas  Onda  is a resident and citizen of Groesbeck, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

61.     Plaintiff Thomas  Onda  was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

62.     Plaintiff Kenneth  Orr  is a resident and citizen of Hillsboro, Missouri. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

63.     Plaintiff Kenneth  Orr  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

64.     Plaintiff Victor  Orvis  is a resident and citizen of Bountiful, Utah. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

65.     Plaintiff Victor  Orvis  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

66.     Plaintiff Patrick  Osmonson  is a resident and citizen of Bullhead City, Arizona. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

67.     Plaintiff Patrick  Osmonson  was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

68.     Plaintiff Walter R Overstreet Jr is a resident and citizen of Zavalla, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

69.     Plaintiff Walter R Overstreet Jr was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

70.     Plaintiff Tracey  Owens  is a resident and citizen of Colonial Heights, Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

71.     Plaintiff Tracey  Owens  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

72.     Plaintiff Seth  Packer  is a resident and citizen of Miami, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

73.     Plaintiff Seth  Packer   was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

74.     Plaintiff Marcelino  Pajarillo  is a resident and citizen of Carson, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

75.     Plaintiff Marcelino  Pajarillo  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

76.     Plaintiff Corey Robert Palmer  is a resident and citizen of Rainier, Washington. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

14

77.     Plaintiff Corey Robert Palmer  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

78.     Plaintiff William  Partain  is a resident and citizen of Pooler, Georgia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

79.     Plaintiff William  Partain  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

80.     Plaintiff Paulino  Pastor  is a resident and citizen of Meridian, Idaho. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

81.     Plaintiff Paulino  Pastor  was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

82.     Plaintiff Dale H. Patterson  is a resident and citizen of Scottsdale, Arizona. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

83.     Plaintiff Dale H. Patterson  was diagnosed with pancreatic cancer as a result of exposure to Defendants' AFFF or TOG products.

84.     Plaintiff Gregory  Paxton  is a resident and citizen of Columbus, Ohio. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

85.     Plaintiff Gregory  Paxton  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

86. Plaintiff Richard J. Peck is a resident and citizen of Milwaukee, Wisconsin. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

87. Plaintiff Richard J. Peck was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

88. Plaintiff Andrew Pelton is a resident and citizen of Jacksonville, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

89. Plaintiff Andrew Pelton was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

90. Plaintiff Thomas Michael Penders Jr. is a resident and citizen of Portland, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

91. Plaintiff Thomas Michael Penders Jr. was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

92. Plaintiff Douglas W. Perry is a resident and citizen of Moab, Utah. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

93. Plaintiff Douglas W. Perry was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

94. Plaintiff Terry Peters is a resident and citizen of Irwin, Pennsylvania. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

95.    Plaintiff Terry  Peters  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

96.    Plaintiff Michael  Peters  is a resident and citizen of Sparta, Wisconsin. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

97.    Plaintiff Michael  Peters  was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

98.    Plaintiff John  Petersen  is a resident and citizen of Powell, Tennessee. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

99.    Plaintiff John  Petersen  was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

100.    Plaintiff Daniel Arthur Peterson  is a resident and citizen of Englishtown, New Jersey. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

101.    Plaintiff Daniel Arthur Peterson  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

102.    Plaintiff Bradley  Peterson  is a resident and citizen of Mountain Home, Idaho. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

103.    Plaintiff Bradley  Peterson  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

17

104.    Plaintiff Robert E. Phillips  is a resident and citizen of Valley Bend, West Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

105.    Plaintiff Robert E. Phillips  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

106.    Plaintiff S Heather  Phillips-Green  is a resident and citizen of Bunker Hill, West Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

107.    Plaintiff S Heather   Phillips-Green   was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

108.    Plaintiff Daniel  Pichardo  is a resident and citizen of Fontana, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

109.    Plaintiff Daniel  Pichardo  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

110.    Plaintiff Craig  Plaisance  is a resident and citizen of Cut Off, Louisiana. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

111.    Plaintiff Craig   Plaisance   was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

112.    Plaintiff Octavio  Plascencia  is a resident and citizen of Reno, Nevada. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

113.    Plaintiff Octavio  Plascencia  was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

114.    Plaintiff Adam  Plissey  is a resident and citizen of Limestone, Maine. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

115.    Plaintiff Adam  Plissey  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

116.    Plaintiff Casey  Porter  is a resident and citizen of Los Angeles, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

117.    Plaintiff Casey  Porter  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

118.    Plaintiff Steve Victor Portillo  is a resident and citizen of Parker, Arizona. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

119.    Plaintiff Steve Victor Portillo  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

120.    Plaintiff Justin  Powelson  is a resident and citizen of Huntington Beach, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

121.    Plaintiff Justin  Powelson  was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

122.    Plaintiff Michael  Poynter  is a resident and citizen of Marietta, Georgia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

123.    Plaintiff Michael  Poynter  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

124.    Plaintiff Jerry  Price  is a resident and citizen of Virginia Beach, Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

125.    Plaintiff Jerry   Price   was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

126.    Plaintiff Rudolph  Price  is a resident and citizen of Bradenton, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

127.    Plaintiff Rudolph  Price  was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

128.    Plaintiff Michael  Proctor  is a resident and citizen of Williston, North Dakota. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

129.    Plaintiff Michael  Proctor  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

130.    Plaintiff Ricky  Radcliff  is a resident and citizen of Coxs Mills, West Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

131.    Plaintiff Ricky  Radcliff  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

132.    Plaintiff Ellery  Ragas  is a resident and citizen of Harvey, Louisiana. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

133.    Plaintiff Ellery  Ragas  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

134.    Plaintiff Stuart E. Ragnone  is a resident and citizen of Gresham, Oregon. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

135.    Plaintiff Stuart E. Ragnone  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

136.    Plaintiff Gary  Rawlings  is a resident and citizen of Santaquin, Utah. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

137.    Plaintiff Gary  Rawlings  was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

138.    Plaintiff Jose  Raygoza  is a resident and citizen of North Hollywood, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

139.    Plaintiff Jose  Raygoza  was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

140.    Plaintiff Richard M. Reass  is a resident and citizen of Norfolk, Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

141.    Plaintiff Richard M. Reass  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

142.    Plaintiff Yavonne  Reczek  is a resident and citizen of Port Orange, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

143.    Plaintiff Yavonne  Reczek  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

144.    Plaintiff William Benjamin Redington   is a resident and citizen of Levittown, Pennsylvania. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

145.    Plaintiff William Benjamin Redington  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

146.    Plaintiff Curtis D. Reece  is a resident and citizen of Russellville, Arkansas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

147.    Plaintiff Curtis D. Reece  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

148.    Plaintiff David  Reese  is a resident and citizen of Jacksonville, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

149.   Plaintiff David Reese  was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

150.   Plaintiff Lawrence Reidy  is a resident and citizen of Pascagoula, Mississippi. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

151.   Plaintiff Lawrence Reidy  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

152.   Plaintiff Richard Lee Rice  is a resident and citizen of West Blocton, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

153.   Plaintiff Richard Lee Rice  was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

154.   Plaintiff Arthur Bennett Ricks  is a resident and citizen of Zephyrhills, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

155.   Plaintiff Arthur Bennett Ricks  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

156.   Plaintiff Christopher Nathaniel Riley  is a resident and citizen of Chesapeake, Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

157.   Plaintiff Christopher Nathaniel Riley  was diagnosed with lymphoma as a result of exposure to Defendants' AFFF or TOG products.

158.    Plaintiff Michael S. Rinehart  is a resident and citizen of Little Creek, Delaware. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

159.    Plaintiff Michael S. Rinehart  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

160.    Plaintiff William Joseph Rios  is a resident and citizen of Arlington, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

161.    Plaintiff William Joseph Rios  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

162.    Plaintiff Ruben R. Rios  is a resident and citizen of El Paso, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

163.    Plaintiff Ruben R. Rios  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

164.    Plaintiff Kyle  Risinger  is a resident and citizen of Longview, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

165.    Plaintiff Kyle  Risinger  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

166.    Plaintiff Archie  Rivers  is a resident and citizen of Sullivan, Maine. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

167.    Plaintiff Archie  Rivers  was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

168.    Plaintiff Leslie  Robertson  is a resident and citizen of Mountain Home, Idaho. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

169.    Plaintiff Leslie  Robertson  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

170.    Plaintiff Robert W. Robertson  is a resident and citizen of Yoder, Colorado. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

171.    Plaintiff Robert W. Robertson  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

172.    Plaintiff William  Robinson  is a resident and citizen of Fall River Mills, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

173.    Plaintiff William  Robinson  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

174.    Plaintiff James  Robson  is a resident and citizen of Madison, Tennessee. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

175.    Plaintiff James  Robson  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

176.    Plaintiff Fidel  Rocha  is a resident and citizen of Texas City, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

177.    Plaintiff Fidel  Rocha  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

178.    Plaintiff Charles R. Rochell  is a resident and citizen of Houston, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

179.    Plaintiff Charles R. Rochell  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

180.    Plaintiff Oswaldo  Rodriguez  is a resident and citizen of Riverside, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

181.    Plaintiff Oswaldo  Rodriguez  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

182.    Plaintiff Jose Rodriguez  is a resident and citizen of Mathis, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

183.    Plaintiff Jose  Rodriguez  was diagnosed with leukemia as a result of exposure to Defendants' AFFF or TOG products.

184.    Plaintiff Larry  Romero  is a resident and citizen of Albuquerque, New Mexico. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

185.   Plaintiff Larry  Romero  was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

186.   Plaintiff Thomas  Romero  is a resident and citizen of Antelope, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

187.   Plaintiff Thomas  Romero  was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

188.   Plaintiff Ronald  Roscoe  is a resident and citizen of Webster, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

189.   Plaintiff Ronald  Roscoe  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

190.   Plaintiff James  Rozier  is a resident and citizen of Philadelphia, Pennsylvania. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

191.   Plaintiff James  Rozier  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

192.   Plaintiff Patsy  Rubbo  is a resident and citizen of Cheshire, Connecticut. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

193.   Plaintiff Patsy  Rubbo  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

194.    Plaintiff Edgar F. Russell  is a resident and citizen of Cincinnati, Ohio. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

195.    Plaintiff Edgar F. Russell  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

196.    Plaintiff Jeffery L. Russell  is a resident and citizen of Kannapolis, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

197.    Plaintiff Jeffery L. Russell  was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

198.    Plaintiff Larry  Ryder  is a resident and citizen of Picture Rocks, Pennsylvania. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

199.    Plaintiff Larry  Ryder  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

200.    Plaintiff Kenneth  Rzonca  is a resident and citizen of Westminster, Colorado. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

201.    Plaintiff Kenneth  Rzonca  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

202.    Plaintiff Ronald   Saferite  is a resident and citizen of Fort Payne, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

203.    Plaintiff Ronald  Saferite  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

204.    Plaintiff Jose R. Salazar  is a resident and citizen of Las Vegas, New Mexico. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

205.    Plaintiff Jose R. Salazar  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

206.    Plaintiff Thaddeus  Sanders  is a resident and citizen of Catherine, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

207.    Plaintiff Thaddeus  Sanders  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

208.    Plaintiff Liliana  Santiago  is a resident and citizen of Chesapeake, Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

209.    Plaintiff Liliana  Santiago  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

210.    Plaintiff Larry  Saunders  is a resident and citizen of Mayodan, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

211.    Plaintiff Larry  Saunders  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

212.    Plaintiff Richard James Savidge  is a resident and citizen of Wellfleet, Massachusetts. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

213.    Plaintiff Richard James Savidge  was diagnosed with pancreatic cancer as a result of exposure to Defendants' AFFF or TOG products.

214.    Plaintiff Robert  Sawdy  is a resident and citizen of Tampa, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

215.    Plaintiff Robert  Sawdy  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

216.    Plaintiff Michael  Sawyer  is a resident and citizen of Kingston, Washington. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

217.    Plaintiff Michael  Sawyer  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

218.    Plaintiff Stephen  Scarborough  is a resident and citizen of Louisville, Kentucky. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

219.    Plaintiff Stephen  Scarborough  was diagnosed with pancreatic cancer as a result of exposure to Defendants' AFFF or TOG products.

220.    Plaintiff John  Schalk  is a resident and citizen of Fostoria, Ohio. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

221.   Plaintiff John Schalk was diagnosed with non-hodgkin's lymphoma as a result of exposure to Defendants' AFFF or TOG products.

222.   Plaintiff Scott Schroeder is a resident and citizen of Fort Wayne, Indiana. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

223.   Plaintiff Scott Schroeder was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

224.   Plaintiff Brent Schwartz is a resident and citizen of York, Pennsylvania. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

225.   Plaintiff Brent Schwartz was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

226.   Plaintiff William Scott is a resident and citizen of Elk Grove, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

227.   Plaintiff William Scott was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

228.   Plaintiff Robert Leon Seago is a resident and citizen of Redding, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

229.   Plaintiff Robert Leon Seago was diagnosed with pancreatic cancer as a result of exposure to Defendants' AFFF or TOG products.

230.    Plaintiff Steven Serrao is a resident and citizen of Orlando, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

231.    Plaintiff Steven Serrao was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

232.    Plaintiff James T. Seward is a resident and citizen of Henderson, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

233.    Plaintiff James T. Seward was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

234.    Plaintiff Gregory D. Shaffer is a resident and citizen of Breezewood, Pennsylvania. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

235.    Plaintiff Gregory D. Shaffer was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

236.    Plaintiff Oconnor Shannon is a resident and citizen of Saint Louis, Missouri. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

237.    Plaintiff Oconnor Shannon was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

238.    Plaintiff Michael Shannon is a resident and citizen of Richmond, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

239.    Plaintiff Michael  Shannon  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

240.    Plaintiff Jason  Shermer  is a resident and citizen of Saraland, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

241.    Plaintiff Jason  Shermer  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

242.    Plaintiff Herman  Shields  is a resident and citizen of Yorktown, Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

243.    Plaintiff Herman  Shields  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

244.    Plaintiff Brandon  Shipman  is a resident and citizen of Charlotte, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

245.    Plaintiff Brandon  Shipman  was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

246.    Plaintiff Ronald  Shockley  is a resident and citizen of Calhan, Colorado. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

247.    Plaintiff Ronald  Shockley  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

248.    Plaintiff Joel  Sigala  is a resident and citizen of Tehachapi, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

249.    Plaintiff Joel  Sigala  was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

250.    Plaintiff John Keith Simmons  is a resident and citizen of Newport, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

251.    Plaintiff John Keith Simmons  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

252.    Plaintiff Jeffrey  Simmons  is a resident and citizen of Muskegon, Michigan. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

253.    Plaintiff Jeffrey  Simmons  was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

254.    Plaintiff Jeffrey P. Simms  is a resident and citizen of Pensacola, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

255.    Plaintiff Jeffrey P. Simms  was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

256.    Plaintiff Larry I. Sinagub  is a resident and citizen of Fallbrook, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

257.    Plaintiff Larry I. Sinagub  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

258.    Plaintiff Anthony  Skorjanc  is a resident and citizen of Oak Harbor, Washington. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

259.    Plaintiff Anthony  Skorjanc  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

260.    Plaintiff Marvin  Smalls  is a resident and citizen of Charleston, South Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

261.    Plaintiff Marvin  Smalls  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

262.    Plaintiff Earl H. Smith  is a resident and citizen of Brooklyn, New York. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

263.    Plaintiff Earl H. Smith  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

264.    Plaintiff Felix Eugene Smith  is a resident and citizen of Vidor, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

265.    Plaintiff Felix Eugene Smith  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

266.   Plaintiff Michael Smith is a resident and citizen of Crosby, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

267.   Plaintiff Michael Smith was diagnosed with non-hodgkin's lymphoma as a result of exposure to Defendants' AFFF or TOG products.

268.   Plaintiff Fredrick Smith is a resident and citizen of Jonesville, Louisiana. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

269.   Plaintiff Fredrick Smith was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

270.   Plaintiff Damian Smith is a resident and citizen of Nixa, Missouri. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

271.   Plaintiff Damian Smith was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

272.   Plaintiff Larey Smith is a resident and citizen of Denver, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

273.   Plaintiff Larey Smith was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

274.   Plaintiff Matthew Allan Smith is a resident and citizen of Edenton, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

275.    Plaintiff Matthew Allan Smith  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

276.    Defendants are designers, marketers, developers, manufacturers, distributors, releasers, instructors, promotors and sellers of PFAS-containing AFFF products or underlying PFAS containing chemicals used in AFFF production.  The following Defendants, at all times relevant to this lawsuit, manufactured, designed, marketed, distributed, released, instructed, promoted and/or otherwise sold (directly or indirectly) PFAS-containing AFFF products to various locations for use in fighting Class B fires such that each Defendant knew or should have known said products would be delivered to areas for active use by Plaintiffs during the course of training and firefighting activities.

277.    Defendant, 3M Company, f/k/a Minnesota Mining and Manufacturing Company, ("3M"), is a Delaware corporation and does business throughout the United States. 3M has its principal place of business at 3M Center, St. Paul, Minnesota 55133.

278.    3M designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

279.    Defendant AGC Chemicals Americas, Inc. ("AGC") is a Delaware corporation and does business throughout the United States. AGC has its principal place of business at 55 E. Uwchlan Ave., Suite 201, Exton, Pennsylvania 19341.

280.    AGC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

281.    Defendant Amerex Corporation ("Amerex") is an Alabama corporation and does business throughout the United States. Amerex has its principal place of business at 7595 Gadsden Highway, Trussville, Alabama 35173.

282.    Amerex designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

283.    Defendant Archroma U.S. Inc. ("Archroma") is a North Carolina company and does business throughout the United States. Archroma has its principal place of business at 5435 77 Center Drive, #10 Charlotte, North Carolina 28217. Upon information and belief, Archroma was formed in 2013 as part of the acquisition of Clariant Corporation's Textile Chemicals, Paper Specialties and Emulsions business by SK Capital Partners.

284.    Archroma designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

285.    Defendant Arkema, Inc. ("Arkema") is a Pennsylvania corporation and does business throughout the United States. Arkema has its principal place of business at 900 1st Avenue, King of Prussia, Pennsylvania 19406. Upon information and belief, assets of Arkema's fluorochemical business were purchased by Defendant Dupont in 2002.

286.    Arkema designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

287.    Defendant BASF Corporation ("BASF") is a Delaware corporation and does business throughout the United States. BASF has its principal place of business at 100 Park Avenue, Florham Park, New Jersey 07932.

288.    BASF designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing

PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

289.   Defendant Buckeye Fire Equipment Company ("Buckeye") is an Ohio corporation and does business throughout the United States. Buckeye has its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

290.   Buckeye designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

291.   Defendant Carrier Global Corporation ("Carrier") is a Delaware corporation and does business throughout the United States. Carrier has its principal place of business at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418. Upon information and belief, Carrier was formed in 2020 and is the parent company of Kidde-Fenwal, Inc., a manufacturer of AFFF.

292.   Carrier designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed,

released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

293.    Defendant ChemDesign Products, Inc. ("ChemDesign") is a Texas corporation and does business throughout the United States. ChemDesign has its principal place of business at 2 Stanton Street, Marinette, Wisconsin 54143.

294.    ChemDesign designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

295.    Defendant Chemguard, Inc. ("Chemguard") is a Wisconsin corporation and does business throughout the United States. Chemguard has its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

296.    Chemguard designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

297.    Defendant Chemicals, Inc. ("Chemicals") is a Texas corporation and does business throughout the United States. Chemicals has its principal place of business at 12321 Hatcherville Road, Baytown, Texas 77521.

298.    Chemicals designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

299.    Defendant Chemours Company FC, LLC ("Chemours FC"), is a Delaware corporation and does business throughout the United States. Chemours has its principal place of business at 1007 Market Street, Wilmington, Delaware 19899. Chemours FC is a subsidiary of The Chemours Company.

300.    Chemours FC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

301.    Defendant Clariant Corporation ("Clariant") is a New York corporation and does business throughout the United States. Clariant has its principal place of business at 4000 Monroe Road, Charlotte, North Carolina 28205.

302.    Clariant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

303.    Defendant Corteva, Inc. ("Corteva") is a Delaware Corporation that conducts business throughout the United States. Its principal place of business is Chestnut Run Plaza 735, Wilmington, Delaware 19805. Corteva is the successor-in-interest to Dupont Chemical Solutions Enterprise.

304.    Corteva designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

305.    Defendant Deepwater Chemicals, Inc. ("Deepwater") is a Delaware corporation and does business throughout the United States. Deepwater's principal place of business is at 196122 E County Road 735, Woodward, Oklahoma 73801.

306.    Deepwater designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the

subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

307.     Defendant Du Pont de Nemours Inc. (f/k/a DowDuPont, Inc.) ("DowDuPont"), is a Delaware corporation and does business throughout the United States. DowDuPont, has its principal place of business at 1007 Market Street, Wilmington, Delaware 19899 and 2211 H.H. Dow Way, Midland, Michigan 48674. DowDupont was created in 2015 to transfer Chemours and DuPont liabilities for manufacturing and distributing flurosurfactants to AFFF manufacturers.

308.     DowDuPont designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

309.     Defendant Dynax Corporation ("Dynax") is a New York corporation that conducts business throughout the United States. Its principal place of business is 103 Fairview Park Drive, Elmsford, New York, 10523-1544.

310.     Dynax designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold

and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

311.    Defendant E. I. du Pont de Nemours and Company ("DuPont"), is a Delaware corporation and does business throughout the United States. DuPont has its principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

312.    DuPont designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

313.    Defendant Kidde P.L.C., Inc. ("Kidde P.L.C.") is a foreign corporation organized and existing under the laws of the State of Delaware and does business throughout the United States. Kidde P.L.C. has its principal place of business at One Carrier Place, Farmington, Connecticut 06034. Upon information and belief, Kidde PLC was formerly known as Williams Holdings, Inc. and/or Williams US, Inc.

314.    Kidde P.L.C. designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

315.    Defendant Nation Ford Chemical Company ("Nation Ford") is a South Carolina company and does business throughout the United States. Nation Ford has its principal place of business at 2300 Banks Street, Fort Mill, South Carolina 29715.

316.    Nation Ford designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

317.    Defendant National Foam, Inc. ("National Foam") is a Delaware corporation and does business throughout the United States. National Foam has its principal place of business at 141 Junny Road, Angier, North Carolina, 27501.

318.    National Foam designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

319.    Defendant The Chemours Company ("Chemours"), is a Delaware corporation and does business throughout the United States. Chemours has its principal place of business 1007 Market Street, Wilmington, Delaware 19898. Upon information and belief, Chemours was spun off from DuPont in 2015 to assume PFAS related liabilities.

320.    Chemours designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

321.    Defendant Tyco Fire Products, LP, as successor-in-interest to The Ansul Company ("Tyco"), is a Delaware limited partnership and does business throughout the United States. Tyco has its principal place of business at 1400 Pennbrook Parkway, Lansdale, Pennsylvania 19466. Tyco manufactured and currently manufactures the Ansul brand of products, including Ansul brand AFFF containing PFAS.

322.    Tyco is the successor in interest to the corporation formerly known as The Ansul Company ("Ansul"). At all times relevant, Tyco/Ansul designed, marketed, developed, manufactured, distributed released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

323.    Defendant United Technologies Corporation ("United Technologies") is a foreign corporation organized and existing under the laws of the State of Delaware and does business throughout the United States. United Technologies has its principal place of business at 8 Farm Springs Road, Farmington, Connecticut 06032.

324.    United Technologies designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

325.    Defendant UTC Fire & Security Americas Corporation, Inc.  (f/k/a GE Interlogix, Inc.) ("UTC") is a North Carolina corporation and does business throughout the United States. UTC has principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. Upon information and belief, Kidde-Fenwal, Inc. is part of the UTC Climate Control & Security unit of United Technologies Corporation.

326.    UTC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

327.    Defendant Allstar Fire Equipment is a California corporation ("Allstar") and does business throughout the United States. Allstar has its principal place of business at 12328 Lower Azusa Road, Arcadia, California 91006.

328.    Allstar developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

329.    Defendant Fire-Dex, LLC ("Fire-Dex") is a Delaware corporation and does business throughout the United States. Fire-Dex has its principal place of business at 780 South Progress Drive, Medina, Ohio 44256.

330.    Fire-Dex developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

331.    Defendant Globe Manufacturing Company LLC ("Globe") is a New Hampshire corporation and does business throughout the United States. Globe has its principal place of business at 37 Loudon Road, Pittsfield, New Hampshire 03263.

332.    Globe developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

333.    Defendant Honeywell Safety Products USA, Inc. ("Honeywell") is a Delaware corporation and does business throughout the United States. Honeywell has its principal place of business at 300 South Tryon Street Suite 500, Charlotte, North Carolina 28202.

334.    Honeywell developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

335.    Defendant Lion Group, Inc. ("Lion") is an Ohio corporation and does business throughout the United States. Lion has its principal place of business at 7200 Poe Avenue, Suite 400 Dayton, Ohio, 45414.

336.    Lion developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

337.    Defendant Mallory Safety and Supply LLC. ("Mallory") is a Washington corporation and does business throughout the United States. Mallory has its principal place of business at 1040 Industrial Way, Longview, Washington, 98632.

338.    Mallory developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

339.    Defendant Mine Safety Appliances Co., Inc. ("MSA") is a Pennsylvania corporation and does business throughout the United States. MSA has its principal place of business at 1000 Cranberry Woods Drive, Cranberry Township, Pennsylvania, 16066.

340.    MSA developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

341.    Defendant Municipal Emergency Services, Inc. ("MES") is a Nevada corporation and does business throughout the United States. MES has its principal place of business at 12 Turnberry Lane, Sandy Hook, Connecticut 06482.

342.    MES developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

343.    Defendant PBI Performance Products, Inc. ("PBI") is a Delaware corporation and does business throughout the United States. PBI has its principal place of business at 9800-D Southern Pine Boulevard, Charlotte, North Carolina 28273.

344.    PBI developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

345.    Defendant Southern Mills, Inc. ("Southern Mills") is a Georgia corporation and does business throughout the United States. Southern Mills has its principal place of business at 6501 Mall Boulevard, Union City, Georgia 30291.

346.    Southern Mills developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

347.    Defendant Stedfast USA, Inc. ("Stedfast") is a Delaware corporation and does business throughout the United States. Stadfast has its principal place of business at 800 Mountain View Drive, Piney Flats, Tennessee 37686.

348.    Stedfast developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

349.    Defendant W.L. Gore & Associates Inc. ("Gore") is a Delaware corporation and does business throughout the United States. Gore has its principal place of business at 1901 Barksdale Road, Newark, Delaware 19711.

350.    Gore developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

351.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

352.    The term "AFFF Defendant" or "AFFF Defendants" refers to all Defendants named herein who designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. jointly and severally, unless otherwise stated.

353.    The term "TOG Defendant" or "TOG Defendants" refers to all Defendants names herein who developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

## FACTUAL ALLEGATIONS

354.    Aqueous Film-Forming Foam ("AFFF") is a combination of chemicals used to extinguish hydrocarbon fuel-based fires.

355.    AFFF-containing fluorinated surfactants have better firefighting capabilities than water due to their surfactant-tension lowering properties which allow the compound(s) to extinguish fire by smothering, ultimately starving it of oxygen.

356.    AFFF is a Class-B firefighting foam. It is mixed with water and used to extinguish fires that are difficult to fight, particularly those that involve petroleum or other flammable liquids.

357.    AFFF Defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold, and/or otherwise handled AFFF containing toxic PFAS or underlying PFAS containing chemicals used in AFFF production that were used by entities around the country, including military, county, and municipal firefighting departments.

358.    AFFF Defendants have each designed, marketed, developed, manufactured, distributed, released, trained users on, produced instructional materials for, sold, and/or otherwise handled and/or used AFFF containing PFAS, in such a way as to cause the contamination of Plaintiffs' blood and/or body with PFAS, and the resultant biopersistence and bioaccumulation of such PFAS in the blood and/or body of Plaintiffs.

359.   AFFF was introduced commercially in the mid-1960s and rapidly became the primary firefighting foam in the United States and in other parts of the world. It contains PFAS, which are highly fluorinated synthetic chemical compounds whose family include PFOS and PFOA.

360.   PFAS are a family of chemical compounds containing fluorine and carbon atoms.

361.   PFAS have been used for decades in the manufacture of AFFF. The PFAS family of chemicals are entirely human-made and do not naturally occur or otherwise exist.

362.   Prior to commercial development and large-scale manufacture and use of AFFF containing PFAS, no such PFAS had been found or detected in human blood.

### A.   AFFF / PFAS Hazardous Effects on Humans

363.   AFFF and its components are associated with a wide variety of adverse health effects in humans.

364.   Exposure to AFFF Defendants' products has been linked to serious medical conditions including, but not limited to, kidney cancer, testicular cancer, liver cancer, testicular tumors, pancreatic cancer, prostate cancer, leukemia, lymphoma, bladder cancer, thyroid disease and infertility.

365.   By at least the end of the 1960s, animal toxicity testing performed by some Defendants manufacturing and/or using PFAS indicated that exposure to such materials, including at least PFOA, resulted in various adverse health effects among multiple species of laboratory animals, including toxic effects to the liver, testes, adrenals, and other organs and bodily systems.

366.   By at least the end of the 1960s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that such materials, including at least PFOA, because of their unique chemical structure, were resistant to environmental degradation and would persist in the environment essentially unaltered if allowed to enter the environment.

367.   By at least the end of the 1970s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that one or more such materials, including at least PFOA and PFOS, because of their unique chemical structure, would bind to proteins in the blood of animals and humans exposed to such materials where such materials would remain and persist over long periods of time and would accumulate in the blood/body of the exposed individuals with each additional exposure.

368.   By at least the end of the 1980s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that at least one such PFAS, PFOA, had caused Leydig cell (testicular) tumors in a chronic cancer study in rats, resulting in at least one such Defendant, DuPont, classifying such PFAS internally as a confirmed animal carcinogen and possible human carcinogen.

369.   It was understood by AFFF Defendants by at least the end of the 1980s that a chemical that caused cancer in animal studies must be presumed to present a cancer risk to humans, unless the precise mechanism of action by which the tumors were caused was known and would not occur in humans.

370.   By at least the end of the 1980s, scientists had not determined the precise mechanism of action by which any PFAS caused tumors. Therefore, scientific principles of carcinogenesis classification mandated AFFF Defendants presume any such PFAS material that caused tumors in animal studies could present a potential cancer risk to exposed humans.

371.   By at least the end of the 1980s, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least DuPont, indicated that elevated incidence of certain cancers and other adverse health effects, including elevated liver enzymes and birth defects, had been observed among workers exposed to such materials, including at least

PFOA, but such data was not published, provided to governmental entities as required by law, or otherwise publicly disclosed at the time.

372.   By at least the end of the 1980s, some Defendants, including at least 3M and DuPont, understood that, not only did PFAS, including at least PFOA and PFOS, get into and persist and accumulate in the human blood and in the human body, but that once in the human body and blood, particularly the longer-chain PFAS, such as PFOS and PFOA, had a long half-life. Meaning that it would take a very long time before even half of the material would start to be eliminated, which allowed increasing levels of the chemicals to build up and accumulate in the blood and/or body of exposed individuals over time, particularly if any level of exposure continued.

373.   By at least the end of the 1990s, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least 3M and DuPont, indicated that at least one such PFAS, PFOA, had caused a triad of tumors (Leydig cell (testicular), liver, and pancreatic) in a second chronic cancer study in rats.

374.   By at least the end of the 1990s, the precise mechanism(s) of action by which any PFAS caused each of the tumors found in animal studies had still not been identified, mandating that AFFF Defendants continue to presume that any such PFAS that caused such tumors in animal studies could present a potential cancer risk to exposed humans.

375.   By at least 2010, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least 3M and DuPont, revealed multiple potential adverse health impacts among workers exposed to such PFAS, including at least PFOA, such as increased cancer incidence, hormone changes, lipid changes, and thyroid and liver impacts.

376.   When the United States Environmental Protection Agency ("USEPA") and other state and local public health agencies and officials first began learning of PFAS exposure in the United

States and potential associated adverse health effects, AFFF Defendants repeatedly assured and represented to such entities and the public that such exposure presented no risk of harm and were of no significance.

377. After the USEPA and other entities began asking Defendants to stop manufacturing and/or using certain PFAS, AFFF Defendants began manufacturing and/or using and/or began making and/or using more of certain other and/or "new" PFAS, including PFAS materials with six or fewer carbons, such as GenX (collectively "Short-Chain PFAS").

378. AFFF Defendants manufacturing and/or using Short-Chain PFAS, including at least DuPont and 3M, are aware that one or more such Short-Chain PFAS materials also have been found in human blood.

379. By at least the mid-2010s, AFFF Defendants, including at least DuPont and Chemours, were aware that at least one Short-Chain PFAS had been found to cause the same triad of tumors (Leydig (testicular), liver, and pancreatic) in a chronic rat cancer study as had been found in a chronic rat cancer study with a non-Short-Chain PFAS.

380. Research and testing performed by and/or on behalf of AFFF Defendants making and/or using Short-Chain PFAS indicates that such Short-Chain PFAS materials present the same, similar, and/or additional risks to human health as had been found in research on other PFAS materials, including cancer risk.

381. Nevertheless, AFFF Defendants repeatedly assured and represented to governmental entities and the public (and continue to do so) that the presence of PFAS, including Short-Chain PFAS, in human blood at the levels found within the United States present no risk of harm and is of no legal, toxicological, or medical significance of any kind.

382.    At all relevant times, AFFF Defendants, individually and/or collectively, possessed the resources and ability but have intentionally, purposefully, recklessly, and/or negligently chosen not to fund or sponsor any study, investigation, testing, and/or other research of any kind of the nature that AFFF Defendants claim is necessary to confirm and/or prove that the presence of any one and/or combination of PFAS in human blood causes any disease and/or adverse health impact of any kind in humans, presents any risk of harm to humans, and/or is of any legal, toxicological, or medical significance to humans, according to standards AFFF Defendants deem acceptable.

383.    Even after an independent science panel, known as the "C8 Science Panel," publicly announced in the 2010s that human exposure to 0.05 parts per billion or more of one PFAS, PFOA, had "probable links" with certain human diseases, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, preeclampsia, and medically-diagnosed high cholesterol, AFFF Defendants repeatedly assured and represented to governmental entities, their customers, and the public (and continue to do so) that the presence of PFAS in human blood at the levels found within the United States presents no risk of harm and is of no legal, toxicological, or medical significance of any kind, and have represented to and assured such governmental entities, their customers, and the public (and continue to do so) that the work of the independent C8 Science Panel was inadequate.

384.    At all relevant times, AFFF Defendants shared and/or should have shared among themselves all relevant information relating to the presence, biopersistence, and bioaccumulation of PFAS in human blood and associated toxicological, epidemiological, and/or other adverse effects and/or risks.

385.    As of the present date, blood serum testing and analysis by AFFF Defendants, independent scientific researchers, and/or government entities has confirmed that PFAS materials are clinically demonstrably present in approximately 99% of the current population of the United States.

386.    There is no naturally-occurring "background," normal, and/or acceptable level or rate of any PFAS in human blood, as all PFAS detected and/or present in human blood is present and/or detectable in such blood as a direct and proximate result of the acts and/or omissions of Defendants.

387.    At all relevant times, Defendants, through their acts and/or omissions, controlled, minimized, trivialized, manipulated, and/or otherwise influenced the information that was published in peer-review journals, released by any governmental entity, and/or otherwise made available to the public relating to PFAS in human blood and any alleged adverse impacts and/or risks associated therewith, effectively preventing Plaintiffs from discovering the existence and extent of any injuries/harm as alleged herein.

388.    At all relevant times, Defendants, through their acts and/or omissions, took steps to attack, challenge, discredit, and/or otherwise undermine any scientific studies, findings, statements, and/or other information that proposed, alleged, suggested, or even implied any potential adverse health effects or risks and/or any other fact of any legal, toxicological, or medical significance associated with the presence of PFAS in human blood.

389.    At all relevant times, Defendants, through their acts and/or omissions, concealed and/or withheld information from their customers, governmental entities, and the public that would have properly and fully alerted Plaintiffs to the legal, toxicological, medical, or other significance and/or risk from having any PFAS material in Plaintiffs' blood.

390.    At all relevant times, Defendants encouraged the continued and even further increased use of PFAS by their customers and others, including but not limited to the manufacture, use, and release, of AFFF containing PFAS and/or emergency responder protection gear or equipment coated with materials made with or containing PFAS, and tried to encourage and foster the increased and further use of PFAS in connection  with  as  many products/uses/and applications as possible, despite knowledge of the toxicity, persistence, and bioaccumulation concerns associated with such activities.

391.    To this day, Defendants deny that the presence of any PFAS in human blood, at any level, is an injury or presents any harm or risk of harm of any kind, or is otherwise of any legal, toxicological, or medical significance.

392.    To this day, Defendants deny that any scientific study, research, testing, or other work of any kind has been performed that is sufficient to suggest to the public that the presence of any PFAS material in human blood, at any level, is of any legal, toxicological, medical, or other significance.

393.    Defendants, to this day, affirmatively assert and represent to governmental entities, their customers, and the public that there is no evidence that any of the PFAS found in human blood across the United States causes any health impacts or is sufficient to generate an increased risk of future disease sufficient to warrant diagnostic medical testing, often referring to existing studies or data as including too few participants or too few cases or incidents of disease to draw any scientifically credible or statistically significant conclusions.

394.    Defendants were and/or should have been aware, knew and/or should have known, and/or foresaw or should have foreseen that their design, marketing, development, manufacture, distribution, release, training and response of users, production of instructional materials, sale

and/or other handling and/or use of AFFF containing PFAS would result in the contamination of the blood and/or body of Plaintiffs with PFAS, and the biopersistence and bioaccumulation of such PFAS in their blood and/or body.

395.    Defendants were and /or should have been aware, or knew and/or should have known, and/or foresaw or should have foreseen that allowing PFAS to contaminate the blood and/or body of Plaintiffs would cause injury, irreparable harm, and/or unacceptable risk of such injury and/or irreparable harm to Plaintiffs.

396.    Defendants did not seek or obtain permission or consent from Plaintiffs before engaging in such acts and/or omissions that caused, allowed, and/or otherwise resulted in Plaintiffs' exposure to AFFF and the contamination of Plaintiffs' blood and/or body with PFAS materials, and resulting biopersistence and bioaccumulation of such PFAS in their blood and/or body.

## B.    Defendants' History of Manufacturing and Selling AFFF

397.    3M began producing PFOS and PFOA by electrochemical fluorination in the 1940s.  In the 1960s, 3M used its fluorination process to develop AFFF.

398.    3M manufactured, marketed, and sold AFFF from the 1960s to the early 2000s.

399.    National Foam and Tyco/Ansul began to manufacture, market, and sell AFFF in the 1970s.

400.    Buckeye began to manufacture, market, and sell AFFF in the 2000s.

401.    In 2000, 3M announced it was phasing out its manufacture of PFOS, PFOA, and related products, including AFFF. 3M, in its press release announcing the phase out, stated "our products are safe," and that 3M's decision was "based on [its] principles of responsible environment management."  3M further stated that "the presence of these materials at [] very low levels does not pose a human health or environmental risk."  In communications with the EPA at that time,

3M also stated that it had "concluded that…other business opportunities were more deserving of the company's energies and attention…"

402.    Following 3M's exit from the AFFF market, the remaining AFFF Defendants continued to manufacture and sell AFFF that contained PFAS and/or its precursors.

403.    AFFF Defendants knew their customers warehoused large stockpiles of AFFF. In fact, AFFF Defendants marketed their AFFF products by touting its shelf-life. Even after AFFF Defendants fully understood the toxicity of PFAS, and their impacts to the health of humans following exposure, AFFF Defendants concealed the true nature of PFAS. While AFFF Defendants phased out production or transitioned to other formulas, they did not instruct their customers that they should not use AFFF that contained PFAS and/or their precursors. AFFF Defendants further did not act to get their harmful products off the market.

404.    AFFF Defendants did not warn public entities, firefighter trainees who they knew would foreseeably come into contact with their AFFF products, or firefighters employed by either civilian and/or military employers that use of and/or exposure to AFFF Defendants' products containing PFAS and/or its precursors would pose a danger to human health

405.    The Plaintiffs directly used, were exposed, and/or were given AFFF to help fight fires on a regular basis.

406.    The Plaintiffs were never informed that this product was inherently dangerous. Nor were the Plaintiff warned about the known health risks associated with this product.

407.    The Plaintiffs never received or were told to use any protective gear to guard against the known dangerous propensities of this product.

408.    AFFF Defendants have known of the health hazards associated with AFFF and/or its compounds for decades and that in their intended and/or common use would harm human health.

409.   Information regarding AFFF and its compounds were readily accessible to each of the above-referenced AFFF Defendants for decades because each is an expert in the field of AFFF manufacturing and/or the materials needed to manufacture AFFF, and each has detailed information and understanding about the chemical compounds that form AFFF products.

410.   The AFFF Defendants' manufacture, distribution and/or sale of AFFF resulted in the Plaintiffs and other individuals who came in contact with the chemical to develop cancer.

411.   The AFFF Defendants through their manufacturing, distribution and/or sale of AFFF, and through their involvement and/or participation in the creation of training and instructional materials and activities, knew, foresaw, and/or should have known and/or foreseen that the Plaintiffs and those similarly situated would be harmed.

412.   The AFFF Defendants' products were unreasonably dangerous and the Defendants failed to warn of this danger.

### C.    PFAS-Containing Turnout Gear

413.   During firefighting training and when responding to fires and performing fire extinguishment, firefighters wear turnouts that are intended to provide a degree of thermal, chemical, and biological protection for a firefighter. Turnout gear components include individual components such as a helmet, hood, jacket, pants and suspenders, boots, and gloves. Each component of the jacket and pants are made of an outer layer, as well as several inner layers that include a moisture barrier and thermal liner which are meant to protect the firefighter from ambient heat.

414.   PFAS chemicals are used in turnout gear to impart heat, water, and stain resistance to the outer shell and moisture barrier of turnout gear.

415.    A June 2020 study of turnout gear by researchers at the University of Notre Dame analyzed 30 new and used turnout jackets and pants originally marketed, distributed and sold in 2008, 2014, and 2017, by six turnout gear makers, including Defendants MSA, Globe, Lion and Honeywell and found high levels of PFAS in turnout gear worn, used, or handled by firefighters, including the Firefighter Plaintiffs.

416.    When exposed to heat, PFAS chemicals in the turnouts off-gas, break down, and degrade into highly mobile and toxic particles and dust, exposing firefighters to PFAS chemicals, particles and dust, including through skin contact/absorption, ingestion (e.g., hand-to-mouth contact) and/or inhalation. Further firefighter exposure to these highly mobile and toxic materials occurs through normal workplace activities, because particles or dust from their turnouts spread to fire vehicles and fire stations, as well as firefighters' personal vehicles and homes.

417.    Such workplace exposure to PFAS or PFAS-containing materials has been found to be toxic to humans. As far back as a July 31, 1980 internal memo, DuPont officials described measures that were needed to prevent workplace exposure to PFOA, which they knew could permeate all protective materials, and noted that PFOA's toxicity varied depending on the exposure pathway, acknowledging that ingestion was "slightly toxic," dermal contact was "slightly to moderately toxic" and inhalation was "highly toxic." The memo concluded "continued exposure is not tolerable."

418.    As alleged herein, the Firefighter Plaintiffs wear and/or wore turnouts in the ordinary course of performing their duties, as the turnouts were intended to be used and in a foreseeable manner, which exposed them to significant levels of PFAS.

419.    The Firefighter Plaintiffs did not know, and in the exercise of reasonable diligence could not have known, that the turnouts they wore or used in the course of performing their duties

contained PFAS or PFAS-containing materials, and similarly did not know and could not have known that they routinely suffered exposure to PFAS or PFAS-containing materials in the turnouts they wore or used in performing their duties.  The turnout gear worn or used by the Firefighter Plaintiffs did not and does not contain labeling information saying that the gear contains PFAS, and similarly did not and does not warn the Firefighter Plaintiffs of the health risks associated with exposure to PFAS.

420.    Like fire departments across the country, many Plaintiffs only had one set of turnouts for years, and would wash their turnouts at home and/or in station machines along with their daily station wear uniforms.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE

421.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

422.    Defendants had a duty to individuals, including the Plaintiffs, to exercise reasonable ordinary, and appropriate care in the manufacturing, design, labeling, packaging, testing, instruction, warning, selling, marketing, distribution, and training related to the AFFF or TOG product.

423.    Defendants breached their duty of care and were negligent, grossly negligent, reckless and willful as described herein in the design, manufacture, labeling, warning, instruction, training, selling, marketing, and distribution of the AFFF or TOG products or underlying PFAS containing chemicals used in AFFF or TOG production in one or more of the following respects:

a.  Failing to design the products so as to avoid an unreasonable risk of harm to individuals, including the Plaintiffs;

b.  Failing to use reasonable care in the testing of the products so as to avoid an unreasonable risk of harm to individuals, including the Plaintiffs;

c.  Failing to use appropriate care in inspecting the products so as to avoid an unreasonable risk of harm to individuals, including the Plaintiffs;

d.  Failing to use appropriate care in instructing and/or warning the public as set forth herein of risks associated with the products, so as to avoid unreasonable risk of harm to individuals, including the Plaintiffs;

e.  Failing to use reasonable care in marketing, promoting, and advertising the products so as to avoid unreasonable risk of harm to individuals, including the Plaintiffs;

f.  Otherwise negligently or carelessly designing, manufacturing, marketing, distributing, warning; and

g.  In selling and or distributing a product which was inherently dangerous to the public;

424.    As a direct and proximate result of Defendants' negligence, the Plaintiffs have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, economic loss and damages including, but not limited to medical expenses, lost income, and/or other damages.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT II – BATTERY

425.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

426.    At all relevant times, Defendants possessed knowledge that the AFFF or TOG containing PFAS which they designed, engineered, manufactured, fabricated, sold, handled, released,

trained users on, produced instructional materials for, used, and/or distributed were bio-persistent, bio- accumulative, toxic, potentially carcinogenic, and/or otherwise harmful/injurious and that their continued manufacture, use, sale, handling, release, and distribution would result in Plaintiffs having PFAS in Plaintiffs' blood, and the biopersistence and bioaccumulation of such PFAS in Plaintiffs' blood.

427.    However, despite possessing such knowledge, Defendants knowingly, purposefully, and/or intentionally continued to engage in such acts and/or omissions, including but not limited to all such acts and/or omissions described in this Complaint, that continued to result in Plaintiffs accumulating PFAS in Plaintiffs' blood and/or body, and such PFAS persisting and accumulating in Plaintiffs' blood and/or body.

428.    Defendants did not seek or obtain permission or consent from Plaintiffs to put or allow PFAS materials into Plaintiffs' blood and/or body, or to persist in and/or accumulate in Plaintiffs' blood and/or body.

429.    Entry into, persistence in, and accumulation of such PFAS in Plaintiffs' body and/or blood without permission or consent is an unlawful and harmful and/or offensive physical invasion and/or contact with Plaintiffs' person and unreasonably interferes with Plaintiffs' rightful use and possession of Plaintiffs' blood and/or body.

430.    At all relevant times, the PFAS present in the blood of Plaintiffs originated from Defendants' acts and/or omissions.

431.    Defendants continue to knowingly, intentionally, and/or purposefully engage in acts and/or omissions that result in the unlawful and unconsented-to physical invasion and/or contact with Plaintiffs that resulted in persisting and accumulating levels of PFAS in Plaintiffs' blood.

432.    Plaintiffs, and any reasonable person, would find the contact at issue harmful and/or offensive.

433.    Defendants acted intentionally with the knowledge and/or belief that the contact, presence and/or invasion of PFAS with, onto and/or into Plaintiffs' blood serum, including its persistence and accumulation in such serum, was substantially certain to result from those very acts and/or omissions.

434.    Defendants' intentional acts and/or omissions resulted directly and/or indirectly in harmful contact with Plaintiffs' blood and/or body.

435.    The continued presence, persistence, and accumulation of PFAS in the blood and/or body of Plaintiffs is offensive, unreasonable, and/or harmful, and thereby constitutes a battery.

436.    The presence of PFAS in the blood and/or body of Plaintiffs altered the structure and/or function of such blood and/or body parts and resulted in cancer.

437.    As a direct and proximate result of the foregoing acts and omissions, Plaintiffs suffered physical injury for which Defendants are therefore liable.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT III – INADEQUATE WARNING

438.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

439.    Defendants knew or should have known:

a)  exposure to AFFF or TOG containing PFAS was hazardous to human health;

b) the manner in which they were designing, marketing, developing, manufacturing, distributing, releasing, training, instructing, promoting, and selling AFFF or TOG containing PFAS was hazardous to human health; and

c) the manner in which they were designing, marketing, developing, manufacturing, marketing, distributing, releasing, training, instructing, promotion and selling AFFF or TOG containing PFAS would result in the contamination of Plaintiffs' blood and/or body as a result of exposure.

440.   Defendants had a duty to warn of the hazards associated with AFFF or TOG containing PFAS entering the blood and/or body of Plaintiffs because they knew of the dangerous, hazardous, and toxic properties of AFFF or TOG containing PFAS. Defendants failed to provide sufficient warning to purchasers that the use of their AFFF or TOG products would cause PFAS to be released and cause the exposure and bioaccumulation of these toxic chemicals in the blood and/or body of Plaintiffs.

441.   Adequate instructions and warnings on the AFFF or TOG containing PFAS could have reduced or avoided these foreseeable risks of harm and injury to Plaintiffs. If Defendants provided adequate warnings:

a) Plaintiffs could have and would have taken measures to avoid or lessen exposure; and

b) end users and governments could have taken steps to reduce or prevent the release of PFASs into the blood and/or body of Plaintiffs. Defendants' failure to warn was a direct and proximate cause of Plaintiffs' injuries from PFAS that came from the use, storage, and disposal of AFFF or TOG containing PFAS. Crucially, Defendants' failure to provide adequate and sufficient warnings for the AFFF or TOG containing PFAS they designed, marketed, manufactured, distributed, released, promoted, and sold renders the AFFF or TOG a defective product.

442.   Defendants were negligent in their failure to provide Plaintiffs with adequate warnings or instruction that the use of their AFFF or TOG products would cause PFAS to be released into the blood and/or body of Plaintiffs. As a result of Defendants' conduct and the resulting contamination, Plaintiffs suffered severe personal injuries by exposure to AFFF or TOG containing PFAS.

443.    Defendants' negligent failure to warn directly and proximately caused the harm to and damages suffered by Plaintiffs.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT IV – DESIGN DEFECT

444.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

445.    Defendants knew or should have known:

a) exposure to AFFF or TOG containing PFAS is hazardous to human health;

b) the manner in which AFFF or TOG containing PFAS was designed, manufactured, marketed, distributed, and sold was hazardous to human health; and

c) the manner in which AFFF or TOG containing PFAS was designed, manufactured, marketed, distributed, and could and would release PFAS into Plaintiffs and cause the exposure and bioaccumulation of these toxic and poisonous chemicals in the blood and/or body of Plaintiffs.

446.    Knowing of the dangerous and hazardous properties of the AFFF or TOG containing PFAS, Defendants could have designed, manufactured, marketed, distributed, and sold alternative designs or formulations of AFFF or TOG that did not contain hazardous and toxic PFAS. These alternative designs and formulations were already available, practical, and technologically feasible. The use of these alternative designs would have reduced or prevented reasonably foreseeable harm to Plaintiff caused by the Defendants' design, manufacture, marketing, distribution, and sale of AFFF or TOG containing hazardous and toxic PFAS.

447.    The AFFF or TOG containing PFAS that was designed, manufactured, marketed, distributed, and sold by the Defendants was so hazardous, toxic, and dangerous to human health

that the act of designing, formulating, manufacturing, marketing, distributing, and selling this AFFF was unreasonably dangerous under the circumstances.

448.     The AFFF or TOG designed, formulated, manufactured, marketed, distributed, and sold by Defendants was defectively designed and the foreseeable risk of harm could and would have been reduced or eliminated by the adoption of a reasonable alternative design that was not unreasonably dangerous.  Defendants' defective design and formulation of AFFF or TOG containing PFAS was a direct and proximate cause of the contamination of the blood and/or body of Plaintiffs and the persistence and accumulation of PFAS in Plaintiffs' blood and/or body.

449.     Defendants' defective design and formulation of AFFF or TOG containing PFAS caused the contamination described herein resulting in personal injuries to Plaintiffs. As a direct result of the harm and injury caused by Defendants' defective design and the contamination described herein, Plaintiffs have been exposed to AFFF or TOG containing PFAS and other toxic substances and has developed cancer.

450.     Defendants' negligent failure to design a reasonably safe product directly and proximately caused the harm to and damages suffered by Plaintiffs.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT V – STRICT LIABILITY (STATUTORY)

451.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

452.     Plaintiffs asserts any and all remedies available under statutory causes of action from Plaintiffs' states for strict liability against each Defendant.

453.    The Defendants were engaged in designing, manufacturing, marketing, selling, and distribution of AFFF or TOG.

454.    The AFFF or TOG was in a defective condition and unreasonably dangerous to users and/or consumers when designed, manufactured, marketed, sold, and/or distributed to the public by the Defendants.

455.    As a direct and proximate result of the Defendants products' aforementioned defects, the Plaintiffs have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, economic loss and damages including, but not limited to medical expenses, lost income, and other damages.

456.    The Defendants are strictly liable in tort to the Plaintiffs for their wrongful conduct.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VI – STRICT LIABILITY (RESTATEMENT)

457.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

458.    The Plaintiffs bring strict product liability claims under the common law, Section 402A of the Restatement of Torts (Second), and/or Restatement of Torts (Third) against Defendants.

459.    As designed, manufactured, marketed, tested, assembled, equipped, distributed and/or sold by the Defendants the AFFF or TOG product was in a defective and unreasonably dangerous condition when put to reasonably anticipated use to foreseeable consumers and users, including the Plaintiffs.

460.    The Defendants had available reasonable alternative designs which would have made the AFFF or TOG product safer and would have most likely prevented the injuries and damages to the Plaintiffs, thus violating state law and the Restatement of Torts.

461.    The Defendants failed to properly and adequately warn and instruct the Plaintiffs as to the proper safety and use of the Defendants product.

462.    The Defendants failed to properly and adequately warn and instruct the Plaintiffs regarding the inadequate research and testing of the product.

463.    The Defendants' products are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations.

464.    As a proximate result of the Defendants' design, manufacture, marketing, sale, and distribution of the products, the Plaintiffs have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

465.    By reason of the foregoing, the Defendants are strictly liable for the injuries and damages suffered by the Plaintiffs, caused by these defects in the AFFF or TOG product.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VII – FRAUDULENT CONCEALMENT

466.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

467.    Throughout the relevant time period, Defendants knew that their products were defective and unreasonably unsafe for their intended purpose.

468.    Defendants fraudulently concealed from and/or failed to disclose to or warn the Plaintiffs, and the public that their products were defective, unsafe, and unfit for the purposes intended, and that they were not of merchantable quality.

469.    Defendants were under a duty to the Plaintiffs and the public to disclose and warn of the defective and harmful nature of the products because:

a)  Defendants were in a superior position to know the true quality, safety and efficacy of the Defendants' products;

b)  Defendants knowingly made false claims about the safety and quality of the Defendants' product in documents and marketing materials; and

c)  Defendants fraudulently and affirmatively concealed the defective nature of the Defendants' products from the Plaintiffs.

470.    The facts concealed and/or not disclosed by Defendants to the Plaintiffs were material facts that a reasonable person would have considered to be important in deciding whether or not to purchase and/or use the Defendants' products.

471.    Defendants intentionally concealed and/or failed to disclose the true defective nature of the products so that the Plaintiffs would use the Defendants' products, the Plaintiffs justifiably acted or relied upon, to Plaintiffs' detriment, the concealed and/or non-disclosed facts as evidenced by Plaintiffs' use of the Defendants' products.

472.    Defendants, by concealment or other action, intentionally prevented the Plaintiffs from acquiring material information regarding the lack of safety and effectiveness of the Defendants' products and are subject to the same liability to the Plaintiffs for Plaintiffs' pecuniary losses, as though Defendants had stated the non-existence of such material information regarding the Defendants' products' lack of safety and effectiveness and dangers and defects, and as though Defendants had affirmatively stated the non-existence of such matters that the Plaintiffs were thus prevented from discovering the truth. Defendants therefore have liability for fraudulent

73

concealment under all applicable laws, including, inter alia, Restatement (Second) of Torts §550 (1977).

473.    As a proximate result of Defendants' conduct, the Plaintiffs have been injured, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VIII – BREACH OF EXPRESS AND IMPLIED WARRANTIES

474.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

475.    At all times relevant hereto, the Defendants manufactured, marketed, labeled, and sold the AFFF or TOG products that has been previously alleged and described herein.

476.    At the time the Defendants designed, developed, marketed, sold, labeled, and distributed the AFFF or TOG products, the Defendants knew of the use for which it was intended, and implied and/or expressly warranted that the product was merchantable, safe, and fit for its intended purpose.

477.    The Defendants warranted that the product was merchantable and fit for the particular purpose for which it was intended and would be reasonably safe. These warranties were breached, and such breach proximately resulted in the injuries and damages suffered by the Plaintiffs.

478.    The Plaintiffs are within the class of foreseeable users and reasonably relied upon Defendants' judgment, and the implied and/or express warranties in using the products.

74

479.    The Defendants breached their implied and/or express warranties and did not meet the expectations for the performance of the product when used for its intended use and was neither of merchantable quality nor safe for its intended use in that the product has a propensity to cause serious injury, pain, and cancer.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT IX – WANTONNESS

480.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

481.    Defendants and their employees, agents, officers, and representatives owed a duty of care to end users of their AFFF or TOG products, including Plaintiffs.

482.    Defendants breached the duty of care owed to the Plaintiffs.

483.    The actions of Defendants and their employees, agents, officers, and representatives were willful and wanton and exhibited a reckless disregard for the life, health, and safety of the end users of Defendants' AFFF or TOG products, including Plaintiffs.

484.    As a proximate and foreseeable consequent of the actions of Defendants, Plaintiffs were exposed to unreasonably dangerous toxic PFAS containing AFFF or TOG, which caused Plaintiffs' injury.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## TOLLING OF THE STATUTE OF LIMITATIONS

**Discovery Rule Tolling**

485.   Plaintiffs had no way of knowing about the risk of serious injury associated with the use of and exposure to PFAS until very recently.

486.   Within the time period of any applicable statute of limitations, Plaintiffs could not have discovered, through the exercise of reasonable diligence, that exposure to PFAS is harmful to human health.

487.   Plaintiffs did not discover and did not know of facts that would cause a reasonable person to suspect the risk associated with the use of and exposure to PFAS; nor would a reasonable and diligent investigation by Plaintiffs have disclosed that PFAS could cause personal injury.

488.   For these reasons, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiffs' claims.

**Fraudulent Concealment Tolling**

489.   All applicable statute of limitations have also been tolled by Defendants knowing and active fraudulent concealment and denial of the facts alleged herein throughout the time period relevant to this action.

490.   Instead of disclosing critical safety information regarding AFFF or TOG, Defendants have consistently and falsely represented the safety of AFFF or TOG products.

491.   This fraudulent concealment continues through present day.

492.   Due to this fraudulent concealment, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiffs' claims.

**<u>Estoppel</u>**

493.   Defendants were under a continuous duty to consumer, end users, and other persons coming into contact with their products, including Plaintiffs, to accurately provide safety

information concerning its products and the risk associated with the use of and exposure to AFFF or TOG.

494.    Instead, Defendants knowingly, affirmatively, and actively concealed safety information concerning AFFF or TOG and the serious risks associated with the use of and exposure to AFFF or TOG.

495.    Based on the foregoing, Defendants are estopped from relying on any statute of limitations in defense of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgments against all Defendants, jointly and severally, on each of the above-referenced claims and Causes of Action as follows:

Awarding compensatory damages to Plaintiffs for past and future damages, including but not limited, to pain and suffering for severe and permanent personal injuries sustained by the Plaintiffs, health care costs, medical monitoring, together with interest and costs as provided by law;

Punitive and/or exemplary damages for the wanton, willful, fraudulent, and/or reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the Plaintiffs and of the general public and to the Plaintiffs in an amount sufficient to punish Defendants and deter future similar conduct;

Awarding Plaintiffs attorneys' fees;

Awarding Plaintiffs the costs of these proceedings; and

Such other and further relief as this Court deems just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

**ENVIRONMENTAL LITIGATION GROUP, P.C.**

*/s/ Gregory A. Cade*
Gregory A. Cade
Gary A. Anderson
Kevin B. McKie
ENVIRONMENTAL LITIGATION GROUP, P.C.
2160 Highland Avenue South
Birmingham, AL 35205
Telephone: 205-328-9200
Facsimile: 205-328-9456

**SERVE THE DEFENDANTS AT THE FOLLOWING ADDRESSES BY CERTIFIED MAIL:**

3M COMPANY
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, New Castle, DE 19808

AGC CHEMICALS AMERICAS INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

AMEREX CORPORATION
c/o James M. Proctor II
2900 Highway 280
Suite 300
Birmingham, AL 35223

ARCHROMA U.S. INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

ARKEMA INC.
900 First Avenue
King of Prussia, PA 19406

BASF CORPORATION
c/o The Corporation Trust Company

Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

BUCKEYE FIRE EQUIPMENT COMPANY
c/o A Haon Corporate Agent, Inc.
29225 Chagrin Blvd, Suite 350
Pepper Pike, OH 44122

CARRIER GLOBAL CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CHEMDESIGN PRODUCTS INC.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, New Castle, DE 19808

CHEMGUARD INC.
c/o The Prentice-Hall Corporation System, Inc.
251 Little Falls Drive
Wilmington, New Castle, DE 19808

CHEMICALS, INC.
c/o Ashok K. Moza
12321 Hatcherville
Baytown, TX 77520

CLARIANT CORPORATION
c/o Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

CORTEVA, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DEEPWATER CHEMICALS, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DUPONT DE NEMOURS, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DYNAX CORPORATION
c/o Corporate Systems LLC
3500 S. Dupont Highway
Dover, DE 19901

E.I. DUPONT DE NEMOURS AND COMPANY
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

KIDDE P.L.C.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

NATION FORD CHEMICAL COMPANY
c/o John A. Dickson, IV
2300 Bank Street
Fort Mill, SC 29715

NATIONAL FOAM, INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

THE CHEMOURS COMPANY
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

THE CHEMOURS COMPANY FC, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

TYCO FIRE PRODUCTS LP
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

UNITED TECHNOLOGIES CORPORATION
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

UTC FIRE & SECURITY AMERICANS CORPORATION, INC.
c/o Registered Office
15720 Brixham Hill Ave #300
Charlotte, NC 28277

ALLSTAR FIRE EQUIPMENT
c/o Joseph A. Sposato
12328 Lower Azusa Road
Arcadia, CA 91006

FIRE-DEX, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

GLOBE MANUFACTURING COMPANY LLC
c/o CT Corporation System
2 ½ Beacon Street
Concord, NH 03301

HONEYWELL SAFETY PRODUCTS USA, INC.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

LION GROUP, INC.
c/o QI Services, Inc.
Federal Reserve Building 4th Floor
150 East Fourth Street
Cincinnati, OH 45202

MALLORY SAFETY AND SUPPLY LLC

c/o Tim Loy
1040 Industrial Way
Longview, WA 98632

MINE SAFETY APPLIANCES CO., LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

MUNICIPAL EMERGENCY SERVICES, INC.
c/o National Registered Agents, Inc.
701 South Carson Street
Suite 200
Carson City, NV 89701

PBI PERFORMANCE PRODUCTS, INC.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

SOUTHERN MILLS, INC.
c/o Mark D. Christman
6501 Mall Boulevard
Union City, GA 30291

STEDFAST USA, INC.
c/o Corpomax Inc.
2915 Ogletown Road
Newark, DE 19713

W.L. GORE & ASSOCIATES INC.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** 3M COMPANY, C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE, WILMINGTON, NEW CASTLE, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                                                                          ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                                        .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

pursuant to the Alabama Rules of the Civil Procedure.                                        *[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                        .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                        County,

*(Name of Person Served)*                                        *(Name of County)*

Alabama on                              .

*(Date)*

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____
          *(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** AGC CHEMICALS AMERICAS INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                                          ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                                          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                                        .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                                  County,

*(Name of Person Served)*          *(Name of County)*

Alabama on                          .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** AMEREX CORPORATION, C/O JAMES M. PROCTOR II 2900 HIGHWAY 280, SUITE 300, BIRMINGHAM, AL 35223

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                                          ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                              .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

|  06/09/2023  | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                         .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                           County,

*(Name of Person Served)*                                   *(Name of County)*

Alabama on                                   .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** ARCHROMA U.S. INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

pursuant to the Alabama Rules of the Civil Procedure.                                          *[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*     *(Server's Signature)*          *(Address of Server)*

                              _____          _____

                              *(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** ARKEMA INC., 900 FIRST AVENUE, KING OF PRUSSIA, PA 19406
<div align="center"><em>(Name and Address of Defendant)</em></div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE
<div align="center"><em>(Name(s) of Attorney(s))</em></div>

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205
<div align="center"><em>(Address(es) of Plaintiff(s) or Attorney(s))</em></div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT
<div align="right"><em>[Name(s)]</em></div>
pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE
<div align="center"><em>(Plaintiff's/Attorney's Signature)</em></div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
<div align="center"><em>(Date)</em></div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ _____ in _____ County,
<div><em>(Name of Person Served)</em>      <em>(Name of County)</em></div>

Alabama on _____ .
<div align="center"><em>(Date)</em></div>

| | | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** BASF CORPORATION, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT
pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

06/09/2023                    /s/ JACQUELINE ANDERSON  SMITH        By: _____
*(Date)*                        *(Signature of Clerk)*                        *(Name)*

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE
                                              *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
                                                        *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.
            *(Date)*

_____          _____          _____
*(Type of Process Server)*      *(Server's Signature)*            *(Address of Server)*

                        _____          _____
                        *(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** BUCKEYE FIRE EQUIPMENT COMPANY, C/O A HAON CORPORATE AGENT, INC. 29225 CHAGRIN BLVD, SUITE 350, PEPPER PIKE, OH 44122

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE
,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
in _____ County,
*(Name of Person Served)*     *(Name of County)*

Alabama on _____ .
*(Date)*

_____     _____     _____
*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____     _____
*(Server's Printed Name)*     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CARRIER GLOBAL CORPORATION, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE
_____,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205_____.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ GREGORY A. CADE_____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                     *(Name of County)*

Alabama on _____.

*(Date)*

_____      _____      _____

*(Type of Process Server)*          *(Server's Signature)*             *(Address of Server)*

_____      _____

*(Server's Printed Name)*           *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** CHEMDESIGN PRODUCTS INC., C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DR, WILMINGTON, NEW CASTLE, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                      ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                           .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

# RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                              .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                           County,

*(Name of Person Served)*                                 *(Name of County)*

Alabama on                              .

*(Date)*

_____          _____          _____
*(Type of Process Server)*                *(Server's Signature)*                    *(Address of Server)*

_____          _____
                                         *(Server's Printed Name)*                *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CHEMGUARD INC., C/O THE PRENTICE-HALL CORPORATION SYSTEM, INC. 251 LITTLE FALLS DRIVE, WILMINGTON, NEW CASTLE, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CHEMICALS, INC., C/O ASHOK K. MOZA 12321 HATCHERVILLE, BAYTOWN, TX 77520
<hr>
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE
<hr>
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205
<hr>
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ GREGORY A. CADE
<hr>
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____.
*(Date)*

_____        _____        _____
*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

                                 _____        _____
                                 *(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CLARIANT CORPORATION, CORPORATION SERVICE COMPANY 8040 EXCELSIOR DRIVE, SUITE 400, MADISON, WI 53717

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                    ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                         .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

pursuant to the Alabama Rules of the Civil Procedure.                                                    *[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.               /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                              .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                          County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on                              .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** CORTEVA, INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

<div align="center">(Name and Address of Defendant)</div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                         ,

<div align="center">[Name(s) of Attorney(s)]</div>

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                    .

<div align="center">[Address(es) of Plaintiff(s) or Attorney(s)]</div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

<div align="right">[Name(s)]</div>

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.    /s/ GREGORY A. CADE

<div align="center">(Plaintiff's/Attorney's Signature)</div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

<div align="right">(Date)</div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<div align="center">(Name of Person Served)          (Name of County)</div>

Alabama on _____.

<div align="center">(Date)</div>

| (Type of Process Server) | (Server's Signature) | (Address of Server) |
| | (Server's Printed Name) | (Phone Number of Server) |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** DEEPWATER CHEMICALS, INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

<center>(Name and Address of Defendant)</center>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

<center>[Name(s) of Attorney(s)]</center>

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

<center>[Address(es) of Plaintiff(s) or Attorney(s)]</center>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT pursuant to the Alabama Rules of the Civil Procedure.

<center>[Name(s)]</center>

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

<center>(Plaintiff's/Attorney's Signature)</center>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

<center>(Date)</center>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<center>(Name of Person Served)          (Name of County)</center>

Alabama on _____.

<center>(Date)</center>

| _____ | _____ | _____ |
|---|---|---|
| (Type of Process Server) | (Server's Signature) | (Address of Server) |
| | (Server's Printed Name) | (Phone Number of Server) |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** DUPONT DE NEMOURS, INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                    ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                        .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

                               in                                County,

*(Name of Person Served)*                         *(Name of County)*

Alabama on                          .

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| --- | --- | --- |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2023-901993.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** DYNAX CORPORATION, C/O CORPORATE SYSTEMS LLC 3500 S. DUPONT HIGHWAY, DOVER, DE 19901

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                              ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                               .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

pursuant to the Alabama Rules of the Civil Procedure.                                          *[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.

*(Date)*

_____     _____     _____
*(Type of Process Server)*              *(Server's Signature)*                    *(Address of Server)*

_____     _____
                                        *(Server's Printed Name)*                   *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** E.I. DUPONT DE NEMOURS AND COMPANY, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

<div align="center">(Name and Address of Defendant)</div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                ,

<div align="center">[Name(s) of Attorney(s)]</div>

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                     .

<div align="center">[Address(es) of Plaintiff(s) or Attorney(s)]</div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

<div align="right">[Name(s)]</div>

pursuant to the Alabama Rules of the Civil Procedure.

06/09/2023                         /s/ JACQUELINE ANDERSON  SMITH        By: _____

<div align="center">(Date)                                          (Signature of Clerk)                                 (Name)</div>

☑ Certified Mail is hereby requested.            /s/ GREGORY A. CADE

<div align="center">(Plaintiff's/Attorney's Signature)</div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

<div align="center">(Date)</div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<div align="center">(Name of Person Served)                          (Name of County)</div>

Alabama on _____ .

<div align="center">(Date)</div>

_____              _____              _____
<div align="center">(Type of Process Server)                 (Server's Signature)                      (Address of Server)</div>

_____
<div align="center">(Server's Printed Name)                                                          (Phone Number of Server)</div>

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** KIDDE P.L.C., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

<div align="center"><em>(Name and Address of Defendant)</em></div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

<div align="center"><em>[Name(s) of Attorney(s)]</em></div>

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

<div align="center"><em>[Address(es) of Plaintiff(s) or Attorney(s)]</em></div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

<div align="right"><em>[Name(s)]</em></div>

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

<div align="center"><em>(Plaintiff's/Attorney's Signature)</em></div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

<div align="center"><em>(Date)</em></div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<div><em>(Name of Person Served)</em>                     <em>(Name of County)</em></div>

Alabama on _____.

<div><em>(Date)</em></div>

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2023-901993.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** NATION FORD CHEMICAL COMPANY, C/O JOHN A. DICKSON, IV 2300 BANK STREET, FORT MILL, SC 29715

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)* *(Name of County)*

Alabama on _____ .
*(Date)*

_____          _____          _____
*(Type of Process Server)*   *(Server's Signature)*       *(Address of Server)*

_____          _____
*(Server's Printed Name)*     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** NATIONAL FOAM, INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** THE CHEMOURS COMPANY, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.

*(Date)*

_____    _____    _____

*(Type of Process Server)*        *(Server's Signature)*          *(Address of Server)*

_____    _____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** THE CHEMOURS COMPANY FC, LLC, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                    ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                              .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                        .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                             County,

*(Name of Person Served)*          *(Name of County)*

Alabama on                              .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** TYCO FIRE PRODUCTS LP, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____.

*(Date)*

_____    _____    _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____    _____

*(Server's Printed Name)*     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** UNITED TECHNOLOGIES CORPORATION, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*              *(Name of County)*

Alabama on .

*(Date)*

_____          _____          _____
*(Type of Process Server)*              *(Server's Signature)*              *(Address of Server)*

_____          _____
                                            *(Server's Printed Name)*              *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** UTC FIRE & SECURITY AMERICANS CORPORATION, INC., C/O REGISTERED OFFICE 15720 BRIXHAM HILL AVE #300, CHARLOTTE, NC 28277

<div align="center"><em>(Name and Address of Defendant)</em></div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

<div align="center"><em>[Name(s) of Attorney(s)]</em></div>

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

<div align="center"><em>[Address(es) of Plaintiff(s) or Attorney(s)]</em></div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

<div align="center"><strong>TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:</strong></div>

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

<div align="right"><em>[Name(s)]</em></div>

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

<div align="center"><em>(Plaintiff's/Attorney's Signature)</em></div>

<div align="center"><strong>RETURN ON SERVICE</strong></div>

☐ Return receipt of certified mail received in this office on _____.

<div align="center"><em>(Date)</em></div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<div><em>(Name of Person Served)</em>                    <em>(Name of County)</em></div>

Alabama on _____.

<div align="center"><em>(Date)</em></div>

_____        _____        _____
<em>(Type of Process Server)</em>        <em>(Server's Signature)</em>        <em>(Address of Server)</em>

_____        _____
<em>(Server's Printed Name)</em>        <em>(Phone Number of Server)</em>

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2023-901993.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:**  ALLSTAR FIRE EQUIPMENT, C/O JOSEPH A. SPOSATO 12328 LOWER AZUSA ROAD, ARCADIA, CA 91006

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                        ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.                    /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                              .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                              County,

*(Name of Person Served)*                                    *(Name of County)*

Alabama on                                    .

*(Date)*

_____        _____        _____

*(Type of Process Server)*              *(Server's Signature)*                  *(Address of Server)*

_____        _____

*(Server's Printed Name)*              *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** FIRE-DEX, LLC, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** GLOBE MANUFACTURING COMPANY LLC, C/O CT CORPORATION SYSTEM 2 1/2 BEACON STREET, CONCORD, NH 03301

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

*(Name of Person Served)* in *(Name of County)* County,

Alabama on

*(Date)*

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Server's Printed Name)*     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** HONEYWELL SAFETY PRODUCTS USA, INC., C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*          *(Name of County)*

Alabama on .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL**

**NOTICE TO:**  LION GROUP, INC., C/O QI SERVICES, INC. 150 EAST FOURTH STREET, CINCINNATI, OH 45202

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____ .

*(Date)*

_____     _____     _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____     _____

*(Server's Printed Name)*     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** MALLORY SAFETY AND SUPPLY LLC, C/O TIM LOY 1040 INDUSTRIAL WAY, LONGVIEW, WA 98632

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*      *(Name of County)*

Alabama on .

*(Date)*

| | | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** MINE SAFETY APPLIANCES CO., LLC, C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                     ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*              *(Name of County)*

Alabama on _____ .

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** MUNICIPAL EMERGENCY SERVICES, INC., C/O NATIONAL REGISTERED AGENTS, INC. 701 SOUTH CARSON STREET, SUITE 200, CARSON CITY, NV 89701

<div align="center">(Name and Address of Defendant)</div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

<div align="center">[Name(s) of Attorney(s)]</div>

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

<div align="center">[Address(es) of Plaintiff(s) or Attorney(s)]</div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

<div align="right">[Name(s)]</div>

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.      /s/ GREGORY A. CADE

<div align="center">(Plaintiff's/Attorney's Signature)</div>

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

<div align="center">(Date)</div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<div align="center">(Name of Person Served)          (Name of County)</div>

Alabama on _____.

<div align="center">(Date)</div>

_____     _____     _____

<div align="center">(Type of Process Server)       (Server's Signature)       (Address of Server)</div>

_____     _____

<div align="center">(Server's Printed Name)       (Phone Number of Server)</div>

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** PBI PERFORMANCE PRODUCTS, INC., C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*  *(Name of County)*

Alabama on _____.

*(Date)*

_____  _____  _____

*(Type of Process Server)*  *(Server's Signature)*  *(Address of Server)*

_____  _____

*(Server's Printed Name)*  *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL

**NOTICE TO:** SOUTHERN MILLS, INC., C/O MARK D. CHRISTMAN 6501 MALL BOULEVARD, UNION CITY, GA 30291

<p align="center"><em>(Name and Address of Defendant)</em></p>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE                                                                                                   ,

<p align="center"><em>[Name(s) of Attorney(s)]</em></p>

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205                      .

<p align="center"><em>[Address(es) of Plaintiff(s) or Attorney(s)]</em></p>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

<p align="right"><em>[Name(s)]</em></p>

pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE

<p align="center"><em>(Plaintiff's/Attorney's Signature)</em></p>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

<p align="right"><em>(Date)</em></p>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<em>(Name of Person Served)</em>          <em>(Name of County)</em>

Alabama on _____ .

<em>(Date)</em>

_____     _____          _____

<em>(Type of Process Server)</em>    <em>(Server's Signature)</em>          <em>(Address of Server)</em>

_____          _____

<em>(Server's Printed Name)</em>          <em>(Phone Number of Server)</em>

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2023-901993.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** STEDFAST USA, INC., C/O NATIONAL REGISTERED AGENTS, SAMANTHA SUTTON 300 MONTVUE RD., KNOXVILLE, TN 37919

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

06/09/2023                    /s/ JACQUELINE ANDERSON  SMITH        By: _____
*(Date)*                         *(Signature of Clerk)*                          *(Name)*

☑ Certified Mail is hereby requested.          /s/ GREGORY A. CADE
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____.
*(Date)*

_____          _____          _____
*(Type of Process Server)*    *(Server's Signature)*       *(Address of Server)*

                    _____          _____
                    *(Server's Printed Name)*     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2023-901993.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JOSEPH M. SHERBERT ET AL V. 3M COMPANY ET AL**

**NOTICE TO:** W.L. GORE & ASSOCIATES INC., C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GREGORY A. CADE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2160 Highland Avenue South, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JOSEPH M. SHERBERT
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 06/09/2023 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ GREGORY A. CADE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*    *(Server's Signature)*       *(Address of Server)*

_____

*(Server's Printed Name)*       *(Phone Number of Server)*